■ MICHAEL R. SANZO et al., Respondents, v SOLVAY UNION FREE SCHOOL DISTRICT, Appellant, and DARRYL B. ROTOLO, II, Defendant-Respondent. [750 NYS2d 252] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered May 21, 2001, which denied the motion of defendant Solvay Union Free School District for summary judgment dismissing the amended complaint and cross claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint and cross claim against defendant Solvay Union Free School District are dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Michael R. Sanzo (plaintiff) when he was assaulted by defendant Darryl B. Rotolo, II, a fellow high school student, in the school cafeteria. Supreme Court erred in denying the motion of defendant Solvay Union Free School District (School District) for summary judgment dismissing the amended complaint and cross claim against it. The School District met its initial burden on the motion by establishing that it did not have "specific knowledge or notice of the dangerous conduct which caused [the] injury" (*Mirand v City of New York*, 84 NY2d 44, 49), and neither plaintiff nor Rotolo raised an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although the principal of the high school was aware of verbal taunting between plaintiff and Rotolo, there was no proof that either student previously had engaged in violent or threatening behavior that "would or should have forewarned the School District" of the assault

(*Hanley v Hornbeck*, 127 AD2d 905, 907; *see Janukajtis v Fallon*, 284 AD2d 428, 430). In any event, even assuming, arguendo, that the School District had the requisite knowledge or notice, we conclude that the School District established that the assault occurred so suddenly that no amount of supervision would have prevented it. Thus, any purported negligence by the School District based on its alleged lack of supervision was not a proximate cause of plaintiff's injuries (*see Convey v City of Rye School Dist.*, 271 AD2d 154, 160; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880, 881; *see also Janukajtis*, 284 AD2d at 430). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.