■ KERWIN ESPINO, an Infant, by His Mother and Natural Guardian, ROSA ESPINO, et al., Respondents, v NEW YORK CITY BOARD OF EDUCATION, Appellant, et al., Defendant. [915 NYS2d 66]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about May 1, 2009, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Board of Education for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant Board established its prima facie entitlement to judgment as a matter of law in this action where infant plaintiff, a 17-year-old student, was injured during a fight in a school hallway. The evidence demonstrates that the supervision provided for students of plaintiff's age was sufficient (*see Barretto v City of New York*, 229 AD2d 214, 219 [1997], *lv denied* 90 NY2d 805 [1997]), that the attack on plaintiff was sudden and spontaneous and could not have been prevented by more supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *McCollin v Roman Catholic Archdiocese of N.Y.*, 45 AD3d 478, 479 [2007]), and that defendant had no prior notice of the problems between plaintiff and his assailants (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand* at 49).

Plaintiffs' opposition failed to raise a triable issue of fact. It cannot be said that there is an issue with respect to whether defendant violated its duty of supervision, since in the absence of any notice of a specific threat to infant plaintiff, it is reasonable to leave high school students unsupervised for several minutes (*see Johnsen v Carmel Cent. School Dist.*, 277 AD2d 354 [2000]), especially where, as here, there were adults in the immediate vicinity. Nor is there a triable issue regarding whether the school's safety plan, which required that a person be stationed in the area where the fight occurred, was violated. That plan required personnel to patrol the halls, with the top priority being to keep the halls clear and move the students along, and a witness testified that she saw this happening. Concur— Gonzalez, P.J., Mazzarelli, Moskowitz and Acosta, JJ.