■ Jose Martinez Jr., an Infant, by his Mother and Natural Guardian, Evelyn Benjamin, et al., Appellants, v City of New York et al., Respondents. [925 NYS2d 490]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 21, 2009, which, in an action for personal injuries allegedly sustained when infant plaintiff was pushed down the stairs by a classmate during a fire drill, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was warranted since the record establishes that infant plaintiff's injuries were proximately caused by the sudden and spontaneous act of another student (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). The teacher here, consistent with school procedures, led her class down the stairs and out of the building during the fire drill (*see Esponda v City of New York*, 62 AD3d 458 [2009]). Although the teacher was no longer in the stairwell when the incident occurred, infant plaintiff was not without any supervision, since another class and its teacher followed behind him down the stairs and there had been no prior incidents of students falling

or being pushed down the stairs. The fact that the classmate may have had a disciplinary problem is insufficient to have placed the school authorities on notice that he could push infant plaintiff, with whom he had no history of violence, down the stairs (*see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607 [2004]).

Furthermore, plaintiffs' claim of a design defect with the door that infant plaintiff fell into after being pushed is not viable. The evidence shows that infant plaintiff's injuries were proximately caused by his classmate's sudden and spontaneous act, and there is no evidence from which to conclude that the doorway was defectively designed.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.