■ ABUBAKAR KAMARA, an Infant by His Father and Natural Guardian, ABUBAKAR KAMARA, SR., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [940 NYS2d 53]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered August 31, 2010, which, in this action alleging, inter alia, negligent supervision, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff student was injured during a lunchtime basketball game when another student pushed him while he was in the air attempting to get the ball. The game took place in the school's gymnasium, and a school guidance counselor watched from the bleachers.

The complaint should have been dismissed as against defendant City of New York because it is not a proper party to the action. "[T]he 2002 amendments to the Education Law (L 2002, ch 91), do not provide a basis to hold defendant liable for the

personal injuries sustained by plaintiff" (*Corzino v City of New York*, 56 AD3d 370, 371 [2008]; *see Perez v City of New York*, 41 AD3d 378 [2007], *lv denied* 10 NY3d 708 [2008]).

Summary judgment should also have been granted to defendants New York City Board of Education and New York City Department of Education (collectively, DOE). The record demonstrates that the spontaneous act of the other student pushing plaintiff as they attempted to rebound a basketball is the type of incident that "occurred in such a short span of time that it could not have been prevented by the most intense supervision" (*Paca v City of New York*, 51 AD3d 991, 993 [2008]; *see Lizardo v Board of Educ. of the City of N.Y.*, 77 AD3d 437 [2010]). Although plaintiff presented evidence that school personnel had notice that the other student had bullied him in the past, such evidence was not sufficiently specific to alert DOE that the student would push plaintiff during a basketball game (*see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]).

We have considered plaintiffs' remaining contentions, including that defendants negligently supervised the game by failing to prohibit the other student from playing while wearing boots, and find them unavailing. Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.