Dismissal of the complaint is warranted in this action where plaintiff was injured during a basketball game at defendants’ facility, when another player punched him in the jaw. Plaintiff and his father both testified that the assault was unprovoked and unanticipated, and that there was no warning of an impending assault. Thus, by plaintiff’s own account, the assault occurred in such a short span of time that even the most intense supervision could not have prevented it (see e.g. Espino v New York City Bd. of Educ., 80 AD3d 496 [2011], lv denied 17 NY3d 709 [2011]).
Plaintiffs father testified that he observed a dispute on the basketball court involving the assailant and other club members several months earlier. However, plaintiff failed to show that the notice was sufficiently specific for defendants to have reasonably anticipated the assault upon plaintiff (see Kamara v City of New York, 93 AD3d 449, 450 [2012]). Defendants’ failure to terminate the assailant’s club membership after the earlier incident was not the proximate cause of the assault, which was an intentional and unforeseeable act of a third party (see Sugarman v Equinox Holdings, Inc., 73 AD3d 654, 655 [2010]). Concur — Sweeny, J.E, Catterson, Acosta, Freedman and Román, JJ.
The decision and order of this Court entered herein on June 19, 2012 (96 AD3d 582 [2012]), is hereby recalled and vacated (see 2012 NY Slip Op 86621[U] [decided simultaneously herewith]).