■ Juliette Carbonnier, by Her Mother and Natural Guardian, Stephanie Salzman, et al., Respondents, v Board of Education of the City of New York, Appellant. [975 NYS2d 676]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 18, 2012, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this action for personal injuries allegedly suffered by the infant plaintiff when she fell, after being pushed by another student, while playing on the monkey bars in the school playground, defendant demonstrated its entitlement to summary judgment by demonstrating that there was adequate instruction and supervision with respect to the playground and its equipment. The evidence establishes that the infant plaintiff had used monkey bars at least 50 times before the accident and had used the monkey bars in the school playground twice before, there were a minimum of two adults in the playground for every class of 25 children at the time of the accident, both the teacher and the assistant teacher were walking around the playground assisting and monitoring student play, and it was "the impulsive, unanticipated act of a fellow student" that caused the accident (see Mirand v City of New York, 84 NY2d 44, 49 [1994]).

In opposition, plaintiffs failed to demonstrate that the level of supervision provided by defendants was inadequate, or that the alleged lack of supervision or training of the staff and the students was the proximate cause of the accident (see Martinez v City of New York, 85 AD3d 586 [1st Dept 2011]; Charles v City of Yonkers, 103 AD3d 765, 766 [2d Dept 2013] [monkey bars]; Troiani v White Plains City School Dist., 64 AD3d 701, 702 [2d Dept 2009] [monkey bars]). Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.