■ Avian Thomas, an Infant, by His Mother and Natural Guardian, Vivolin Hall, et al., Respondents, v City of New York et al., Appellants. [2 NYS3d 578]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated January 31, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On February 25, 2009, the plaintiff Avian Thomas (hereinaf-

ter the infant plaintiff), a student at the School for Democracy & Leadership in Brooklyn, allegedly was thrown down from behind by another student during a game of half-court basketball in his eighth-grade gym class. After the accident, the infant plaintiff, by his mother, and his mother individually, filed a notice of claim against the City of New York and the New York City Department of Education, alleging negligence. The plaintiffs subsequently commenced this action against the defendants, alleging, inter alia, that the defendants were negligent in their supervision of the infant plaintiff. The defendants moved for summary judgment dismissing the complaint and the Supreme Court denied the motion.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City of New York because that defendant is not a proper party to the action. The 2002 amendments to the Education Law (L 2002, ch 91) do not provide a basis to hold the City of New York liable for the personal injuries sustained by the infant plaintiff in this action (*see Perez v City of New York*, 41 AD3d 378, 379 [2007]).

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the New York City Department of Education (hereinafter the DOE). In support of their motion, the defendants submitted the transcripts of the deposition testimony of the infant plaintiff and teachers Stephen Thatford and Thomas Mackay. While those transcripts were unsigned, they were certified by the stenographer, and the plaintiffs do not challenge their accuracy. Thus, contrary to the plaintiffs' contention, the transcripts were admissible and should have been considered by the Supreme Court on the defendants' motion (*see Montalvo v United Parcel Serv., Inc.*, 117 AD3d 1004, 1005 [2014]; *Pavane v Marte*, 109 AD3d 970, 971 [2013]; *David v Chong Sun Lee*, 106 AD3d 1044, 1045 [2013]; *Willis v Galileo Cortlandt, LLC*, 106 AD3d 730, 731 [2013]). This evidence demonstrated, prima facie, that the spontaneous act of the other student in grabbing the infant plaintiff's left arm from behind and throwing or dragging him to the ground as the infant plaintiff attempted to shoot a basketball during a basketball game in gym class occurred in such a short span of time that it could not have been prevented even by the most intense supervision (*see Kamara v City of New York*, 93 AD3d 449, 450 [2012]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]; *Tanon v Eppler*, 5 AD3d 667, 668 [2004]). Moreover, the other student's alleged prior

conduct was insufficient to place the DOE on notice of the conduct that led to the infant plaintiff's injury (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Kamara v City of New York*, 93 AD3d at 450; *Siegell v Herricks Union Free School Dist.*, 7 AD3d at 609). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.