■ EMMANUEL B., an Infant by His Mother and Natural Guardian, CHININQUA W., Appellant, v CITY OF NEW YORK et al., Respondents. [15 NYS3d 790]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 21, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for leave to amend the caption, affirmed, without costs.

The infant plaintiff alleges that, when he was a seven-year-old second-grade student at a New York City public school, he suffered serious physical injuries as the result of an altercation in which a classmate (hereinafter, WEM) caused him to strike his head against a bookcase. Earlier on the day of the incident, plaintiff had informed his teacher that WEM was picking on him and calling him names. At the end of the school day, when students were lining up to go home, plaintiff and WEM exchanged words, and WEM pushed plaintiff into a desk. Plaintiff pushed back, and WEM pushed him again, causing plaintiff to fall back into a bookcase. This action for negligent supervision ensued.

Plaintiff testified that other boys in his class, including WEM, had been teasing him during the school year, but he made no claim that WEM had physically attacked him before the subject incident.* Also before the subject incident, plaintiff's

---

* While plaintiff testified that he had seen WEM hit one other student before the subject incident, there was no evidence that the school had notice

mother complained to the principal that several boys had been bullying her son, but she did not identify the offenders by name. The school principal testified that, before the subject incident, she had never received any complaints that WEM had acted violently or had been involved in physical altercations or engaged in improper touching or hitting of other students. No prior incidents involving WEM were found on defendant New York City Department of Education's (DOE) incident database.

We affirm the grant of the motion for summary judgment dismissing the complaint. Initially, while "schools have a duty to adequately supervise their students, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [internal quotation marks omitted]), "unanticipated third-party acts causing injury upon a fellow student will generally not give rise to a school's liability in negligence absent actual or constructive notice of prior similar conduct" (*id.*). Here, the record contains no evidence that the school had notice that WEM had a proclivity to engage in physically aggressive conduct. The evidence that plaintiff had complained to his teacher and others that WEM was "picking on him" and calling him names, and that his mother had called the principal's office and reported that some unidentified boys were "picking on her son," when viewed in the light most favorable to plaintiff, shows only that the school knew that WEM had been picking on plaintiff verbally. Knowledge of such taunting, however, did not give the school "sufficiently specific knowledge or notice" of "prior conduct similar to the unanticipated injury-causing act" by WEM to support a finding of actual or constructive notice of the risk that he would engage in violent or physically aggressive behavior against plaintiff (*see Brandy B.*, 15 NY3d at 302 [a sexual assault by an 11-year-old student on a school bus was unforeseeable from his disciplinary history, which, although troubled, did not include sexually aggressive behavior]; *Martinez v City of New York*, 85 AD3d 586 [1st Dept 2011] [a physical attack by a student having a record of disciplinary problems, but no history of violence, was unforeseeable]; *Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878, 878-879 [4th Dept 2002] [an assault by a student was unforeseeable, where, while the school knew that he had engaged in "verbal taunting," it had no knowledge of any prior violent or threatening behavior by him, and "no amount of supervision" would have prevented the sudden assault]).

---

of WEM's hitting of that other student. Plaintiff testified that he never saw WEM fighting students other than that one.

Summary judgment is also warranted because plaintiff has not raised an issue as to proximate causation. There is no nonspeculative basis for finding that any greater level of supervision than was provided would have prevented the sudden and spontaneous altercation between the two students. "Schools are not insurers of safety" and "cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see also Espino v New York City Bd. of Educ.*, 80 AD3d 496, 496 [1st Dept 2011], *lv denied* 17 NY3d 709 [2011] [granting summary judgment dismissing negligent supervision claim where the evidence established that "the attack on plaintiff was sudden and spontaneous and could not have been prevented by more supervision"]). Concur—Tom, J.P., Friedman and Saxe, JJ.

Acosta and Kapnick, JJ., dissent in a memorandum by Kapnick, J., as follows: I respectfully dissent, and would reverse the motion court's grant of defendants' motion for summary judgment dismissing the complaint.

A school owes a duty of care to the students it takes into its custody and control (*see Pratt v Robinson*, 39 NY2d 554, 560 [1976]), which includes the duty to adequately supervise (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Schools "will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*id.*). As is the case here, when the student is a very young child who cannot defend himself, a greater duty of supervision is owed (*see Garcia v City of New York*, 222 AD2d 192, 195-196 [1st Dept 1996], *lv denied* 89 NY2d 808 [1997]). To determine "whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand*, 84 NY2d at 49).

The record here shows that plaintiff had complained to multiple teachers at his school, including the second-grade teacher in whose class the assault took place, that the assailant had been bullying and teasing him. Further, plaintiff testified that his assailant had previously picked on other children and had hit another friend of his. Plaintiff's mother had also complained to school officials about a student picking on her son, and she testified that the student or other students had stolen from the child's backpack. She also testified that, after the incident, she was told by other teachers and officials that the assailant had bullied and fought with other students.

While the majority construes this evidence narrowly, finding that the school was not on notice that the assailant had a proclivity to engage in physical violence towards plaintiff, I disagree, and find that, viewing the evidence in the light most favorable to plaintiff as the opponent of summary judgment (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931 [2007]), it cannot be said as a matter of law that the assailant's dangerous conduct could not have been reasonably anticipated, especially given the conflicting testimony as to whether the assailant had previously engaged in physical violence against other students.

As to proximate causation, I find, contrary to the majority's opinion, that an issue of fact has been raised as to whether the assault occurred so suddenly that no amount of supervision could have prevented it, given the evidence that the students had been verbally quarreling before the physical altercation and that the teacher had told them to stop arguing (*cf. Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878, 879 [4th Dept 2002]).

Under these circumstances, triable issues of fact exist as to whether the New York City Department of Education failed to adequately supervise the children and whether plaintiff's injuries were a reasonably foreseeable consequence of the alleged inadequate supervision (*see Garcia*, 222 AD2d at 195-197; *Shante D. v City of New York*, 190 AD2d 356, 361-362 [1st Dept 1993], *affd* 83 NY2d 948 [1994]; *see also Wilson v Vestal Cent. School Dist.*, 34 AD3d 999 [3d Dept 2006]).