■ ALECSEY KOVALENKO, an Infant, by His Mother and Natural Guardian, ELENA KOVALENKO, et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [22 NYS3d 588]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 7, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, then a 10th grade high school student, allegedly was injured during gym class at Forest Hills High School when he was kicked in the leg by a classmate during a game of line soccer as both students were trying to gain possession of the soccer ball. The plaintiffs commenced this action against the New York City Department of Education and the City of New York, alleging negligent supervision. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal, and we affirm.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City of New York because that defendant is not a proper party to the action. The 2002 amendments to the Education Law (L 2002, ch 91) do not provide a basis to hold the City of New York liable for the personal injuries allegedly sustained by the infant plaintiff in this action (*see Thomas v City of New York*, 124 AD3d 872 [2015]; *Perez v City of New York*, 41 AD3d 378, 379 [2007]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the New York City Department of Education. The evidence submitted in support of the defendants' motion demonstrated, prima facie, that the spontaneous act of the other student in kicking the infant plaintiff in the leg as both students attempted to gain possession of the soccer ball occurred in such a short span of time that it could not have been prevented even by the most intense supervision (*see Thomas v City of New York*, 124 AD3d at 872; *Kamara v City of New York*, 93 AD3d 449 [2012]; *Scarito v St. Joseph Hill Academy*, 62 AD3d 773 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.