■ KRISTEN PONSIGLIONE, an Infant, by Her Parent and Natural Guardian, JOSEPHINE PONSIGLIONE, et al., Appellants, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [24 NYS3d 155]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated November 18, 2014, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In January 2009, the plaintiff Kristen Ponsiglione (hereinafter the infant plaintiff) was walking down a staircase in Public School 142 when she allegedly was pushed from behind by a fellow student, lost her balance, and fell.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York, as the defendants established, prima facie, that the City is not a proper party to the action (*see Staten v City of New York*, 127 AD3d 1066, 1068 [2015]; *Thomas v City of New York*, 124 AD3d 872, 873 [2015]; *Myers v City of New York*, 64 AD3d 546, 547 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against the defendant Board of Education of the City of New York (hereinafter the Board of Education). The Board of Education established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision by submitting evidence demonstrating that it did not have sufficiently specific knowledge or notice of

the dangerous conduct that caused the injury, and that the act of pushing the infant plaintiff from behind as she was walking down a staircase was impulsive and could not have been anticipated (*see Mirand v City of New York*, 84 NY2d 44, 49-50 [1994]; *Kamara v City of New York*, 93 AD3d 449, 450 [2012]; *Martinez v City of New York*, 85 AD3d 586, 586-587 [2011]; *MacCormack v Hudson City School Dist. Bd. of Educ.*, 51 AD3d 1121, 1122-1123 [2008]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit. Hall, J.P., Austin, Roman and Barros, JJ., concur.