■ AMANDA LERNER, Respondent, v FRIENDS OF MAYANOT INSTITUTE, INC., et al., Respondents-Appellants, and TANNENBAUM CHABAD HOUSE, Appellant-Respondent. [55 NYS3d 17]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered October 28, 2016, which, insofar as appealed from as limited by the briefs, denied defendant Tannenbaum Chabad House's (Tannenbaum) motion to dismiss for lack of personal jurisdiction and denied Tannenbaum's motion and defendants Friends of Mayanot Institute, Inc., and Mayanot Institute of Jewish Studies' (together Mayanot) cross motion for summary judgment insofar as they sought dismissal of the negligence and breach of contract claims, and all cross claims, unanimously modified, on the law, to grant defendants' summary

judgment motions, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing all claims in this action.

The record evidence supports the exercise of jurisdiction over Tannenbaum pursuant to CPLR 302 (a) (1), under the theory that Tannenbaum transacted business in New York, through its employee, who regularly met with tour participants at JFK Airport for an orientation (*see Front, Inc. v Khalil*, 103 AD3d 481, 482 [1st Dept 2013], *affd* 24 NY3d 713 [2015]; *New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463, 464 [1st Dept 2012]).

Nevertheless, defendants are entitled to summary judgment. Even assuming that defendants had a duty to monitor the adult plaintiff and prevent her from engaging in excessive drinking, there was no reasonable action that they could have taken to prevent her from being assaulted by the young men whom she met and socialized with in a hotel bar and who undisputedly drugged her and subsequently assaulted her. The record evidence, including the testimony of plaintiff's roommate, shows that plaintiff voluntarily left the bar with one of the men, with no sign that she was incapacitated. Defendants had no duty to protect plaintiff against an unforeseeable criminal act, as they had no notice of prior similar acts (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]). In addition, under the circumstances presented, there is "no non-speculative basis for finding that any greater level of supervision than was provided would have prevented" the unforeseeable criminal assault, warranting dismissal of plaintiff's negligence claim (*Emmanuel B. v City of New York*, 131 AD3d 831, 833 [1st Dept 2015]).

Dismissal of the breach of contract claim is also warranted, as plaintiff has failed to point to any contractual provision in which any defendant undertook to protect her "at all times." Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.