Ramirez v Brentwood Union Free Sch. Dist. (2018 NY Slip Op 05788)





Ramirez v Brentwood Union Free Sch. Dist.


2018 NY Slip Op 05788


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-09279
 (Index No. 61020/13)

[*1]Lilia Ramirez, etc., respondent, 
v
Brentwood Union Free School District, appellant, et al., defendant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Avis Spencer Decaire and Kathleen Foley of counsel), for appellant.
Coello & Lorenzotti, PLLC, Central Islip, NY (Marjorie Y. Coello and Michael Kushner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Brentwood Union Free School District appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated July 19, 2017. The order denied the motion of the defendant Brentwood Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Brentwood Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries the daughter sustained when, as a third-grade student at an elementary school within the defendant Brentwood Union Free School District (hereinafter the District), she fell and was injured at the school. According to the plaintiff, her daughter was leaving school at dismissal time when another student ran up behind her and pushed her while she was walking in the hallway of the school. The plaintiff asserted causes of action alleging, inter alia, negligent supervision of the plaintiff's daughter before the incident and negligent treatment of her daughter after the incident, as well as negligent hiring, training, and supervision of the District's employees. The District thereafter moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the District appeals.
Contrary to the Supreme Court's determination, the District established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision of the plaintiff's daughter by submitting evidence demonstrating that it did not have actual or constructive notice of the dangerous conduct that caused the injury, and that the other student's act of running up behind the daughter and pushing her as she was walking down the hallway at dismissal time was impulsive and could not have been anticipated (see Mirand v City of New York, 84 NY2d 44, 49-50; Ponsiglione v Board of Educ. of City of N.Y., 135 AD3d 844, 844). In opposition, the plaintiff failed to raise a triable issue of fact.
The District also established its prima facie entitlement to judgment as a matter of [*2]law dismissing the cause of action alleging negligent hiring, training, and supervision of its employees (see Evans v City of Mount Vernon, 92 AD3d 829, 830; Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831-832). In opposition, the plaintiff failed to raise a triable issue of fact. Finally, the plaintiff has abandoned her cause of action alleging negligent treatment of her daughter after the incident, as the plaintiff now concedes that the District is entitled to summary judgment dismissing this cause of action.
Accordingly, the Supreme Court should have granted the District's motion for summary judgment dismissing the complaint insofar as asserted against it.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court