Y.R. v City of New York (2022 NY Slip Op 00387)





Y.R. v City of New York


2022 NY Slip Op 00387


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 20727/14E Appeal No. 15129 Case No. 2021-03232 

[*1]Y.R., an Infant, by her Mother and Natural Guardian, Mirian T.B., et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants, NYC Charter High School for Architecture, Engineering and Construction Industries, Defendant-Respondent.


Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellants.
Ahmuty, Demers and McManus, Albertson (Glenn A. Kaminska of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 14, 2021, which granted defendant NYC Charter High School for Architecture, Engineering and Construction Industries' motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established prima facie that it cannot be held liable for the injuries sustained by the infant plaintiff (plaintiff), a high school student, when she was attacked by another student in a school hallway, by showing that it provided sufficient supervision for its students, that the attack on plaintiff was sudden and spontaneous and could not have been prevented by greater supervision, and that it had no notice of animosity or conflicts between plaintiff and her attacker (see Espino v New York City Bd. of Educ., 80 AD3d 496, 496 [1st Dept 2011], lv denied 17 NY3d 709 [2011]).
In opposition, plaintiffs failed to raise an issue of fact. Plaintiff's affidavit is "vague and lacking in detail" (Gerwin & Ehrenclou v 964 Third Ave. Assoc., 90 AD2d 712, 712 [1st Dept 1982]). In any event, the dissimilar incidents mentioned by plaintiff that occurred "several months" before the subject incident could not have placed the school on notice of what was admittedly a spontaneous assault (see Emmanuel B. v City of New York, 131 AD3d 831, 832 [1st Dept 2015]). Nor is there an issue of fact as to the adequacy of the school's security plan and/or whether it had been violated, given the evidence that security guards patrolled the halls and immediately intervened to stop the fight (see Espino, 80 AD3d at 497). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022