SyndiGate Media, Inc. v Comtex News Network, Inc. (2023 NY Slip Op 00401)

SyndiGate Media, Inc. v Comtex News Network, Inc.

2023 NY Slip Op 00401

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 654818/18 Appeal No. 17202-17202A Case No. 2022-01009 

[*1]SyndiGate Media, Inc. et al., Plaintiffs-Respondents-Appellants,
v
Comtex News Network, Inc., Defendant-Appellant-Respondent.

Ropers, Majeski PC, New York (Douglas H. Miller of counsel), for appellant-respondent.
Mitchell Silberberg & Knupp LLP, New York (David B. Gordon of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about January 24, 2022, which denied defendant's motion for summary judgment and granted plaintiffs' motion for summary judgment only as to liability for breach of sections 5(a) and 5(b) of the parties' agreements, unanimously modified, on the law, to grant plaintiffs' motion insofar as it sought to dismiss defendant's counterclaim, and otherwise affirmed, without costs. Appeal from decision, same court and Justice, entered on or about December 7, 2021, that New York's statute of limitations, rather than Delaware's, applies to this case, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendant failed to establish its entitlement to summary judgment dismissing plaintiffs' cause of action for breach of contract, as the record presents issues of fact with respect to defendant's conduct under section 5(c) of the agreement between it and plaintiff Syndigate Media, Inc. For example, the parties have not fully addressed the degree to which defendant might have thwarted a comprehensive audit, which was authorized under section 5(c), of the royalties due to plaintiff under the agreement. Similarly, issues of fact remain as to whether a purported error in the royalty payments due to plaintiffs is significant enough to trigger the cost-shifting provision found in section 5(c). We decline to entertain defendant's hypothetical arguments about plaintiffs' audit rights upon service of a notice of termination, as plaintiffs served no such notice.
However, the court should have granted plaintiffs' motion to dismiss defendant's counterclaim, which was for breach of contract. Defendant claims a royalty overpayment of $40,000 but points to no contract provision that was breached. Rather, defendant merely asserts that plaintiffs are required to return any overages or to offset any recovery by the amount of any overage (see Lerner v Friends of Mayanot Inst., Inc., 150 AD3d 504, 505 [1st Dept 2017]). Although plaintiffs raise this argument for the first time on appeal, we may consider it because it is a purely legal argument that appears on the face of the record and could not have been avoided had it been raised before Supreme Court (Basu v Alphabet Mgt. LLC, 127 AD3d 450, 450 [1st Dept 2015]).
We dismiss defendant's appeal from the court's determination as to the applicable statute of limitations, as it arises from a nonappealable paper (CPLR 5512[a]; see Gunn v Palmieri, 86 NY2d 830, 830 [1995]). The determination was issued from the bench during oral argument and memorialized in a transcript, but not so ordered or reduced to a written order. In addition, the order under review specifically states that it does not address the limitations issue.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023