K. L. v City of New York (2023 NY Slip Op 03914)

K. L. v City of New York

2023 NY Slip Op 03914

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-05753
 (Index No. 504142/16)

[*1]K. L., etc., et al., appellants, 
v
City of New York, et al., respondents.

Dansker & Aspromonte (Sim & DePaola, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo Di Silvio of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated February 28, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff, while a first-grade student at a public school in Brooklyn, allegedly was injured when her first-grade teacher, the defendant Moria Apollo, tripped and fell on her. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action against the defendants, City of New York, Board/Department of Education of the City of New York (hereinafter the DOE), and Apollo, inter alia, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. The defendants established, prima facie, that the City is not a proper party to this action (see Ponsiglione v Board of Educ. of City of N.Y., 135 AD3d 844, 844; Thomas v City of New York, 124 AD3d 872, 873). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE and Apollo. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (J.F. v Brentwood Union Free Sch. Dist., 184 AD3d 806, 807 [internal quotation marks omitted]; see Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146). "'A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent'" (Godoy v Central Islip Union Free Sch. Dist., 117 AD3d 901, 901, quoting Rodriguez v Riverhead Cent. School Dist., 85 AD3d 1147, 1147; see Mirand v City of New York, 84 NY2d 44, 49). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, [*2]effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d at 49; see Pratt v Robinson, 39 NY2d 554, 560). "However, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not [a] proximate cause of the injury and summary judgment in favor of a defendant charged with the duty of reasonable supervision is warranted" (M.P. v Central Islip Union Free Sch. Dist., 174 AD3d 636, 637; see Colantonio v Mount Sinai Union Fress Sch. Dist., 193 AD3d 1031, 1032).
Here, the defendants submitted, inter alia, a statement written and signed by Apollo on the day of the accident, in which she stated that after reading a mini-lesson, she "started sending the children back to their seats, and as [she] went to hand out papers, [she] lost [her] footing and tripped over one of their feet." The defendants also submitted a transcript of Apollo's deposition testimony. At her deposition, Apollo testified that at the time of the accident, there were 23 students in her classroom, which was overseen by her and her coteacher. Additionally, a paraprofessional assigned to assist one of the students was in the classroom. After Apollo gave the students a mini-lesson, during which the students were sitting on the floor in four "neat[ ]" rows of approximately six students per row, the classroom phone began to ring. In order to reach the classroom phone, Apollo had to walk between the front wall of the classroom and the rows of children. Apollo told the first row of students closest to the front wall of the classroom to return to their desks. Apollo then stood up and, carrying some papers, walked toward the classroom phone along a path approximately two feet wide, with the front wall of the classroom directly to her left and the second row of students directly to her right. As she walked along this path, she was approximately five to six inches from the second row of students. As she was walking, she directed the second row of students to return to their desks. The infant plaintiff was seated criss-cross style in the second row of students. While the students in the second row farthest away from Apollo began to stand up, and after Apollo had taken approximately five steps, Apollo observed the foot of an unknown student "come out" and make contact with her right foot, causing her to trip and fall to the right and onto the leg of the infant plaintiff, who had not yet stood up. Apollo testified that she "saw the foot real quick; it just went like—jutted out," and that approximately one to two seconds passed between when she first observed the foot and when the foot came into contact with her right foot.
The defendants also submitted transcripts of the infant plaintiff's testimony at her General Municipal Law § 50-h hearing and at her deposition. At both proceedings, the infant plaintiff testified that at the time of the accident, while Apollo was walking "through" the students, Apollo lost her balance, tripped, and fell onto the infant plaintiff.
Viewing the evidence in the light most favorable to the plaintiffs as the nonmoving parties, the defendants established, prima facie, that the incident occurred in so short a period of time that any negligent supervision on the part of Apollo was not a proximate cause of the infant plaintiff's alleged injuries (see Ponzini v Sag Harbor Union Free Sch. Dist., 166 AD3d 914; Hinz v Wantagh Union Free Sch. Dist., 165 AD3d 1074). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, Apollo's deposition testimony did not contradict her written statement (cf. Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1053). Nor did Apollo's deposition testimony that a student's foot came out "real quick" constitute an attempt by the defendants to feign an issue to avoid liability.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court