██ DODGE TAYLOR, Individually and as Parent and Natural Guardian of ERICA TAYLOR, an Infant, Respondent, v DUNKIRK CITY SCHOOL DISTRICT et al., Appellants. [785 NYS2d 623]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered September 22, 2003. The order denied defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly sustained by his daughter as the result of an assault by a fellow student in the school hallway after class. Plaintiff asserted causes of action for negligent

supervision against each defendant, along with a derivative cause of action. Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. "Schools have a duty to provide supervision to ensure the safety of those students in their charge and are liable for foreseeable injuries proximately caused by the absence of adequate supervision" (*Morman v Ossining Union Free School Dist.*, 297 AD2d 788, 788 [2002]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). A person injured by a fellow student who seeks to impose liability for negligent supervision must establish that school personnel "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury" (*Mirand*, 84 NY2d at 49). Here, defendants met their initial burden by establishing that the classroom teacher did not have reason to anticipate that plaintiff's daughter would be attacked by the fellow student, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although the fellow student had behaved disruptively and defiantly toward the classroom teacher and may have been verbally aggressive toward plaintiff's daughter during class, that student had no history of physically aggressive behavior, nor did the student evince or threaten any such behavior in the classroom that day. The classroom teacher, therefore, had no reason to anticipate the sudden hallway assault, "which came as a surprise even to [plaintiff's daughter] and [another] student witness[ ]" (*Busby v Ticonderoga Cent. School Dist.*, 258 AD2d 762, 764 [1999], *lv denied* 93 NY2d 814 [1999]; *see Morman*, 297 AD2d at 788-789; *Kennedy v Seaford Union Free School Dist. No. 6*, 250 AD2d 574 [1998]; *see also Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878 [2002]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.