JOHN MURNYACK, Individually and as Parent and Natural Guardian of MATTHEW MURNYACK, an Infant, Appellant, v BART REBON et al., Respondents, et al., Defendants. [801 NYS2d 658]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 1, 2004 in a personal injury action. The order, insofar as appealed from, granted the motions of defendants Bart Rebon, Lewiston-Porter High School, Lewiston-Porter Central School District and Board of Education of the Lewiston-Porter Central School District for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant Bart Rebon in part and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as parent and natural guardian of his son, seeking damages for injuries sustained by his son when he was struck by another student after exiting a school bus. Supreme Court properly granted the motion of defendants Lewiston-Porter High School and Lewiston-Porter Central School District and its Board of Education (school defendants) for summary judgment dismissing the complaint "together with any" cross claims against them. It is well established that "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d 44, 49 [1994] [internal citations omitted]). Here, the school defendants established that they did not have "sufficiently specific knowledge or notice of the dangerous conduct" that caused the injury (id.). They established that defendant Bart Rebon had never engaged in prior similar conduct with plaintiff's son or any

other student (*cf. DeMunda v Niagara Wheatfield Bd. of Educ.*, 213 AD2d 975, 976 [1995]; *see generally Mirand*, 84 NY2d at 49-50) and thus that "the third-party acts could [not] reasonably have been anticipated" (*Mirand*, 84 NY2d at 49), and plaintiff failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude, however, that the court erred in granting that part of the motion of Rebon for summary judgment dismissing the complaint against him, and we therefore modify the order accordingly. There are issues of fact concerning the events preceding the altercation and the manner in which the altercation occurred (*see generally id.*). Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.