■ THOMAS KOZAKIEWICZ et al., Individually and as Parents and Natural Guardians of B.M.K., an Infant, Appellants, v FRONTIER MIDDLE SCHOOL et al., Respondents, et al., Defendant. [829 NYS2d 371]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered February 16, 2006 in a

personal injury action. The order granted the motion of defendants Frontier Middle School, Frontier Central School District and Frontier Central School District Board of Education for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action, individually and on behalf of their son, seeking damages for injuries sustained by their son when he was assaulted by a fellow eighth-grader following lunch recess. Supreme Court properly granted the motion of Frontier Middle School, Frontier Central School District, and Frontier Central School District Board of Education (defendants) for summary judgment dismissing the complaint against them. Defendants met their initial burden by establishing that they did not have "sufficiently specific knowledge or notice of the dangerous conduct" that caused the injuries sustained by plaintiffs' son (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Murnyack v Rebon*, 21 AD3d 1406 [2005]; *Taylor v Dunkirk City School Dist.*, 12 AD3d 1114, 1115 [2004]), and plaintiffs failed to raise a triable issue of fact. Defendants presented evidence establishing as a matter of law that the student who assaulted plaintiffs' son had not engaged in any prior similar conduct with plaintiffs' son or any other student and thus that they could not reasonably have anticipated that plaintiffs' son would be assaulted by the fellow student (*see Murnyack*, 21 AD3d at 1406-1407; *Taylor*, 12 AD3d at 1115). In any event, even assuming, arguendo, that defendants had the requisite knowledge or notice, we conclude that they further established that any negligence on their part based on their alleged lack of supervision was not a proximate cause of the injuries sustained by plaintiffs' son because "the assault occurred so suddenly that no amount of supervision would have prevented it" (*Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878, 879 [2002]). We have considered plaintiffs' remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.