■ JENNIFER R., Appellant, v CITY OF SYRACUSE et al., Defendants, and SYRACUSE CITY SCHOOL DISTRICT, Respondent. [844 NYS2d 523]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), dated August 17, 2005 in a personal injury action. The order granted the motion of defendant Syracuse City School District for leave to renew defendants' motion for summary judgment and, upon renewal, granted the motion in its entirety and dismissed the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff's father originally commenced this action individually and on behalf of his daughter seeking damages for injuries sustained by plaintiff when she allegedly was forcibly taken from a high school in the City of Syracuse by three fellow students to a house located across the street from the high school, where they sexually assaulted her. Plaintiff's father thereafter filed a stipulation of discontinuance, and his daughter became the sole plaintiff. Plaintiff alleged, inter alia, that the sexual assault resulted from the failure of defendant Syracuse City School District (District) to provide adequate security.

Defendants moved for summary judgment dismissing the complaint. Supreme Court initially granted the motion in part by dismissing the complaint only against defendants City of Syracuse and Syracuse Police Department. After granting the District's motion for leave to renew, the court granted defendants' motion in its entirety, dismissing the complaint against the District as well. Plaintiff contends on appeal that the court erred in dismissing the complaint against the District. We affirm.

Contrary to plaintiff's contention, it is well settled "that the provision of security against physical attacks by third parties [with respect to a cause of action against a school district for in-

adequate security or police protection] is a governmental function involving policymaking regarding the nature of the risks presented, and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *see Bain v New York City Bd. of Educ.*, 268 AD2d 451 [2000]; *see also Vitale v City of New York*, 60 NY2d 861, 863 [1983], *rearg denied* 61 NY2d 759 [1984]; *Doe v Town of Hempstead Bd. of Educ.*, 18 AD3d 600, 601 [2005]). Here, the District met its initial burden of demonstrating its entitlement to summary judgment dismissing the complaint against it by establishing that it owed no special duty of protection to plaintiff (*see Doe*, 18 AD3d at 601; *Bain*, 268 AD2d 451 [2000]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Even assuming, arguendo, that the complaint also asserts a cause of action for negligent supervision, we conclude that the District is entitled to summary judgment dismissing that cause of action. "While not insurers of the safety of students, schools are 'under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (*Schrader v Board of Educ. of Taconic Hills Cent. School Dist.*, 249 AD2d 741, 742 [1998], *lv denied* 92 NY2d 806 [1998], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand*, 84 NY2d at 49). Here, the District submitted the affidavit of a sergeant with defendant police department establishing that there were no police reports of sexual assaults at the high school prior to plaintiff's assault. The District also submitted the affidavit of the former high school principal stating that he found no record of prior sexual assaults involving the three students in question, nor were there any prior complaints by plaintiff concerning fear for her safety while in school. The District thus met its burden of establishing that it had no reason to anticipate that plaintiff would be forcibly removed from school grounds and sexually assaulted when she went to her locker to retrieve her school books, and plaintiff failed to raise a triable issue of fact (*see Kozakiewicz v Frontier Middle School*, 37 AD3d 1138 [2007]; *Taylor v Dunkirk City School Dist.*, 12 AD3d 1114 [2004]; *Schrader*, 249 AD2d at 743). We conclude on this record that

the acts of the three students in question "were 'extraordinary and intervening, thus breaking the causal nexus' between [the District's] negligence (if any) and plaintiff's injury" (*Schrader*, 249 AD2d at 744, quoting *Mirand*, 84 NY2d at 50). Present— Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.