■ ROSEMARY JOHNSON, as Parent and Natural Guardian of ANTONIO G., an Infant, Appellant, v KEN-TON UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendants. [850 NYS2d 813]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered January 12, 2007 in a personal injury action. The order granted the motion of defendant Ken-Ton Union Free School District for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Ken-Ton Union Free School District is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her son, a special education student who attended an elementary school in defendant Ken-Ton Union Free School District (School District). Plaintiff alleged that her son was injured by another special education student, defendant Martin B., when plaintiff's son, Martin, and two other special education students were allowed to use the bathroom together without supervision. Martin allegedly picked up plaintiff's son and dropped him on the floor, causing him to fracture his tooth. The School District moved for summary judgment dismissing the complaint against it on the grounds that it had no notice of Martin's dangerous behavior and that the incident occurred within such a short time span that no amount of supervision could have prevented the incident from occurring. Supreme Court erred in granting the motion.

"It is well settled that '[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (*Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [2002], *appeal dismissed* 99 NY2d 610 [2003], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588, 589-590 [2004]). "Where, as here, the underlying injury is caused by the intentional act of a fellow student, the 'plaintiff [must] demonstrate, by the school's prior knowledge or notice of the dangerous conduct which caused the injury, that the acts of the fellow student[ ] could have reasonably been anticipated' " (*Board of Educ. of Morris Cent. School*, 9 AD3d at 590). "The adequacy of the school's supervision and whether the alleged lack thereof was a proximate cause of the underlying injury generally are questions of fact for a jury to resolve" (*id.*; *see Shoemaker*, 299 AD2d at 720; *Vonungern v Morris Cent. School*, 240 AD2d 926 [1997]).

Here, the School District failed to meet its initial burden inasmuch as it failed to establish that it did not have notice of Martin's dangerous behavior (*see generally Mirand*, 84 NY2d at 49; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654 [2006]). Indeed, in support of its motion, the School District submitted the deposition testimony of Martin in which he testified that he had picked up and "spun" plaintiff's son once before in the classroom and that both the teacher and teacher's aide were aware that he had done so. The School District also submitted the deposition testimony of plaintiff's son in which he testified that Martin had lifted him up before and that he had told "a teacher" what had occurred.

We further conclude that the School District failed to establish that its breach of the duty of supervision was not a proximate cause of the injuries sustained by plaintiff's son. "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [school district] is warranted" (*Mayer*, 29 AD3d at 654). Here, however, the School District submitted the deposition testimony of plaintiff's son and Martin in which they testified that four children were in the bathroom for approximately four minutes before plaintiff's son was injured, during which time the children were playing, running, jumping and making loud noises. Thus, the School District failed to meet its burden of establishing as a matter of law that the injury sustained by plaintiff's son took place within such a short time span that a greater degree of supervision would not have prevented it (*cf. id.* at 655). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.