# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**66**
**CA 10-01860**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

TAJOURA WALLEY, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ASHLEY BIVINS, AN INFANT, ET AL., DEFENDANTS,
AND ONONDAGA CENTRAL SCHOOL DISTRICT,
DEFENDANT-RESPONDENT.

---

CRAIG J. BILLINSON & ASSOCIATES, SYRACUSE (PETER M. HARTNETT OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (JENNIFER L. NUHFER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered November 30, 2009 in a personal
injury action. The order granted the motion of defendant Onondaga
Central School District for summary judgment dismissing the complaint
against it.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the complaint against defendant Onondaga Central School District
is reinstated.

Memorandum: Plaintiff, a ninth grade student at Onondaga Central
School District (defendant), commenced this action seeking damages for
injuries she sustained when she was stabbed by Ashley Bivins, a
seventh grade student attending the same school. It is undisputed
that defendant had notice of three altercations between plaintiff and
Bivins prior to the instant stabbing. The first incident occurred
approximately two weeks earlier, when the two students were verbally
arguing and a teacher had to restrain Bivins in order to prevent a
physical altercation. Approximately one week later, a volleyball
coach interceded during a physical altercation between the two
students on a school bus. The third incident occurred the following
morning, as soon as plaintiff and Bivins entered the school. They
were engaged in a physical altercation and had to be separated by
teachers. As a result of the third incident, both students were
suspended for three days. On the first day upon returning from her
suspension, Bivins exited the bus, proceeded to plaintiff's locker,
and stabbed plaintiff in the leg with a knife.

Supreme Court erred in granting defendant's motion for summary

judgment dismissing the complaint against it.  A school district will be held liable for negligent supervision of its students when "school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49).  In the context of defendant's motion, defendant was required in the first instance to establish that there was no negligence on its part, i.e., that there was no breach of the duty of supervision and further, in the event that there was such a breach, that the breach was not a proximate cause of the injuries (*see id.* at 50).  The court determined, and defendant does not dispute, that defendant failed to establish that it did not breach its duty of supervision (*see Johnson v Ken-Ton Union Free School Dist.*, 48 AD3d 1276, 1278).  Indeed, based on the escalating nature of the interactions between plaintiff and Bivins, defendant certainly could have anticipated that another altercation would occur when the two students returned to school.  Although the school principal testified at his deposition that it was the school's practice to counsel a student if there was a concern that a student had a violent nature, no such counseling occurred in this case.  It was also a school policy for teachers to stand outside their classrooms at the start of the school day to prevent any problems, but the two teachers with classrooms next to plaintiff's locker were not in compliance with that policy at the time of the instant incident.

Although as noted defendant does not dispute that it breached its duty of supervision, it contended that its alleged negligence was not a proximate cause of plaintiff's injuries, and the court agreed with defendant in granting defendant's motion for summary judgment dismissing the complaint against it.  That was error.  The test for proximate cause is "whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*Mirand*, 84 NY2d at 50).  If the act of violence was unforeseeable, then defendant is not held liable (*see id.*).  "Proximate cause is a question of fact for the jury where varying inferences are possible" (*id.* at 51; *see Johnson*, 48 AD3d at 1277).  Defendant contends that it is not liable as a matter of law because "the assault occurred so suddenly that no amount of supervision would have prevented it" (*Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878, 879; *see Kozakiewicz v Frontier Middle School*, 37 AD3d 1138, 1139).  We cannot agree.  Rather, based on the circumstances of this case, including the recent incidents of physical contact between the two students, the school's own failure to comply with its practice of counseling a student in the event that the school was concerned that the student had a violent nature as well as its failure to comply with its own security plan, and the fact that the incident occurred on the first day on which both students had returned to school following their suspensions, we conclude that there is an issue of fact whether the undisputed breach by defendant of its duty of supervision was a proximate cause of plaintiff's injuries, thus precluding summary

judgment (*see Mirand*, 84 NY2d at 51).