Knaszak v Hamburg Cent. Sch. Dist. (2021 NY Slip Op 04441)





Knaszak v Hamburg Cent. Sch. Dist.


2021 NY Slip Op 04441


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


380 CA 20-01030

[*1]CARLY KNASZAK, PLAINTIFF-RESPONDENT,
v
HAMBURG CENTRAL SCHOOL DISTRICT, DEFENDANT-APPELLANT. 






HURWITZ & FINE, P.C., BUFFALO (ANASTASIA M. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CARL W. MORGAN, P.C., HAMBURG (CARL W. MORGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered June 3, 2020. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained as a result of defendant's alleged negligent supervision following an incident in which plaintiff was sexually assaulted by another student while they were alone in a classroom. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint.
It is well established that "[s]chools are under a duty to adequately supervise the students in their charge[,] and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand, 84 NY2d at 49; see Brandy B., 15 NY3d at 302). "Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Mirand, 84 NY2d at 49). Thus, "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (id.). "Summary judgment must be granted if the proponent makes 'a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact,' and the opponent fails to rebut that showing" (Brandy B., 15 NY3d at 302, quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Here, defendant met its initial burden on the motion by establishing that the "sexual assault against [plaintiff by the student] was an unforeseeable act that, without sufficiently specific knowledge or notice, could not have been reasonably anticipated" (id.), and plaintiff failed to raise a triable issue of fact (see id. at 303; see generally Alvarez, 68 NY2d at 324). Defendant's submissions, including plaintiff's testimony, established the undisputed fact that plaintiff and the student did not know each other and did not have any prior interactions before the sexual assault (see Francis v Mount Vernon Bd. of Educ., 164 AD3d 873, 875 [2d Dept [*2]2018], lv denied 32 NY3d 913 [2019]; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804, 805 [2d Dept 2012]). Although the student had an extensive and troubling disciplinary history that resulted in several detentions and suspensions, such history did not contain any infractions for physically aggressive conduct directed at other people, sexually inappropriate behavior, or threats of physical or sexual violence (see Emmanuel B. v City of New York, 131 AD3d 831, 832 [1st Dept 2015]; Jennifer R. v City of Syracuse, 43 AD3d 1326, 1327 [4th Dept 2007]; Murnyack v Rebon, 21 AD3d 1406, 1406-1407 [4th Dept 2005]; see also Brandy B., 15 NY3d at 302).
Contrary to the court's determination, while the student's history involved attendance issues, insubordination toward school staff, inappropriate verbal outbursts, being under the influence of drugs or alcohol, possession and sale of drugs, and academic problems, that history did not raise a triable issue of fact whether defendant had sufficiently specific knowledge or notice of the injury-causing conduct inasmuch as it was not similar to the student's physically and sexually aggressive behavior that injured plaintiff (see McBride v City of New York, 160 AD3d 414, 414 [1st Dept 2018]; Taylor v Dunkirk City School Dist., 12 AD3d 1114, 1115 [4th Dept 2004]; Sanzo v Solvay Union Free School Dist., 299 AD2d 878, 878 [4th Dept 2002]; Morman v Ossining Union Free School Dist., 297 AD2d 788, 789 [2d Dept 2002]). "More significantly, [the student's] prior history did not include any sexually aggressive behavior" (Brandy B., 15 NY3d at 302). We also agree with defendant that the court impermissibly drew an unsubstantiated and speculative inference that the student's disclosure to a school social worker about being a victim of sexual abuse during his childhood, coupled with his substance abuse, should have provided defendant with notice of the student's propensity to commit sexual assault (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
In sum, "without evidence of any prior conduct similar to the unanticipated injury-causing act, this claim for negligent supervision must fail" (Brandy B., 15 NY3d at 302).
All concur except Bannister, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and would affirm. I agree with the majority that "schools have a duty to adequately supervise their students, and 'will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010], quoting Mirand v City of New York, 84 NY2d 44, 49 [1994]). A school is "obligated to exercise such care of their students 'as a parent of ordinary prudence would observe in comparable circumstances' " (David v County of Suffolk, 1 NY3d 525, 526 [2003], quoting Mirand, 84 NY2d at 49). Where the complaint alleges negligent supervision in the context of injuries caused by another student's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable (see Mirand, 84 NY2d at 49).
Here, in my view, defendant failed to meet its initial burden on the motion of establishing that it had no actual or constructive notice of the offending student's propensity to engage in the misconduct alleged (see Charles D.J. v City of Buffalo, 185 AD3d 1488, 1489 [4th Dept 2020]). In support of the motion, defendant submitted the offending student's disciplinary record and deposition testimony of teachers and administrators describing the offending student as "troubled," a "behavior concern," "vengeful," "angry," "a problem," and "disrespectful." Among the behaviors identified in the record, including criminal misconduct, the offending student had used, sold and bought drugs on school property and also had anger issues and created disturbances, which often occurred when he was under the influence. As a condition to returning to in-person school after a lengthy suspension, the offending student was required to comply with certain conditions, including counseling. Defendant's submissions on the motion demonstrate, however, that defendant never ensured that the offending student complied with those conditions before reportedly allowing him to return to school. The disciplinary record further demonstrates that the offending student was under the influence of drugs or alcohol at the time he allegedly committed the misconduct against plaintiff. Thus, in my view, defendant's own submissions raise questions of fact whether it had notice of the offending student's prior bad behavior and the propensity to engage in misconduct particularly when he was under the influence of drugs or alcohol on school grounds. Defendant therefore failed to establish as a matter of law that the misconduct at issue here was "sudden, spontaneous," unanticipated or unforeseeable (Mirand, 84 NY2d at 49).
Unlike the majority, I do not believe that prior case law on this issue compels a different result. For instance, in Brandy B., a case relied on heavily by the majority and defendant, the Court of Appeals held that the alleged sexual assault of the student in that case "was an unforeseeable act that, without sufficiently specific knowledge or notice, could not have been reasonably anticipated by the school district" (15 NY3d at 303). In that case, the Court not only considered the fact that the offending student had no prior sexually aggressive behavior, but it also considered the fact that while the offending student had behavioral issues, the student had not displayed any behavior issues for more than two years prior to the incident giving rise to the lawsuit (id. at 302). Here, there was no evidence that the offending student's angry and troubling behavior, including the abuse of drugs or alcohol, had ever ceased in his time at defendant's school. Indeed, defendant classified the incident at issue in the disciplinary report as one arising out of the offending student's drug abuse, a behavior that was well-documented and continuous throughout his school tenure. Thus, I conclude that here, a "jury needed little more than its own common experience to conclude" that defendant had sufficient notice of a dangerous situation and could have reasonably anticipated the misconduct in this case (Mirand, 84 NY2d at 51).
Therefore, in my view, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court