Ismahan A. v Williamsville Bd. of Educ. (2021 NY Slip Op 07396)





Ismahan A. v Williamsville Bd. of Educ.


2021 NY Slip Op 07396


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


930 CA 20-01445

[*1]ISMAHAN A., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF J.A., A MINOR, PLAINTIFF-APPELLANT,
v
WILLIAMSVILLE BOARD OF EDUCATION AND WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS. 






NELSON S. TORRE, BUFFALO, FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (KARA M. EYRE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered August 11, 2020. The order granted defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries sustained by her son as a result of defendants' alleged negligent supervision of a physical education class during which plaintiff's son, a high school freshman, was blindsided by a much larger student while playing one-hand touch football, resulting in a fracture of his jaw. We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Therefore, we reverse the order, deny the motion, and reinstate the complaint.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Knaszak v Hamburg Cent. Sch. Dist., 196 AD3d 1141, 1142 [4th Dept 2021]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand, 84 NY2d at 49; see Knaszak, 196 AD3d at 1142). "Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Mirand, 84 NY2d at 49; see Knaszak, 196 AD3d at 1142). Nevertheless, "[e]ven if a breach of the duty of supervision is established, the inquiry is not ended; the question arises whether such negligence was the proximate cause of the injuries sustained" (Mirand, 84 NY2d at 50; see Doyle v Binghamton City School Dist., 60 AD3d 1127, 1128-1129 [3d Dept 2009]). "The test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (Mirand, 84 NY2d at 50).
We conclude that defendants failed to meet their initial burden on the motion inasmuch as their own evidentiary submissions raised issues of fact whether plaintiff's son was injured as a result of "an unforeseeable act that, without sufficiently specific knowledge or notice, could not [*2]have been reasonably anticipated" (Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]; cf. Knaszak, 196 AD3d at 1142-1143). The testimony of the physical education teacher raised an issue of fact with respect to notice inasmuch as it established that, on the day before the collision, there was a "very similar" incident involving a collision between two boys during a touch football game in physical education class, resulting in injury. Nonetheless, the students in his game were, according to the testimony of plaintiff's son, expected to call their own penalties. In addition, although the substitute teacher who was supervising the class that day testified that the class was divided into three separate games and that he was able to supervise them all simultaneously, plaintiff's son further testified that the class was divided into four games, and the substitute teacher acknowledged that he did not see the collision that caused the injury to plaintiff's son.
We further conclude that defendants failed to meet their initial burden with respect to causation inasmuch as their own evidentiary submissions raised issues of fact whether "the alleged absence of adequate supervision was the proximate cause of the injury-causing event" (Doyle, 60 AD3d at 1128). Plaintiff's son testified that he believed the collision was intentional because he "was nowhere near the ball handler" at the time he was hit from behind and "the only way" that the other student, who was six inches taller, could have hit plaintiff's son's jaw was if he had lowered his shoulder. Thus, considering that testimony together with the testimony that the students were expected to call their own penalties, we conclude that there exists a question of fact whether this was a "foreseeable consequence of the situation created by the school's negligence" (Mirand, 84 NY2d at 50) or "a 'spontaneous and accidental' collision . . . that even the most careful supervision could not prevent" (id.).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court