Bowling v State of New York (2024 NY Slip Op 50426(U))

[*1]

Bowling v State of New York

2024 NY Slip Op 50426(U)

Decided on February 24, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2024
Court of Claims

Debra Bowling, Claimant

against
State of New York, Defendant.

Claim No. 136210

For Claimant:
WALKER & MACKENZIE, P.C.
By: Megan M. Mackenzie, Esq. and Svetlana Walker, Esq.
For Defendant:
LETITIA JAMES, ATTORNEY GENERAL
By: Kimberly A. Kinirons, Esq.
Assistant Attorney General

Linda K. Mejias-Glover, J.

Defendant, the State of New York, (hereinafter, "Defendant") moves by Notice of Motion dated July 12, 2023, pursuant to CPLR 3212, seeking an order dismissing the claim and directing that summary judgment be entered in favor of Defendant. Claimant opposed the motion, and Defendant replied to Claimant's opposition.
Relevant Factual and Procedural Background
On or about September 29, 2020, Claimant served a Notice of Intention to File a Claim, alleging, in sum and substance, negligence in the ownership, operation, management, repair, inspection, maintenance, and control of a sidewalk located adjacent to 450 NY-25A, Setauket, New York 11733,(hereinafter, the "NOI") upon the Office of the New York State Attorney General (hereinafter the "OAG"). Claimant thereafter served a Claim via regular mail with certified return receipt on April 12, 2021, alleging that she sustained personal injuries when she tripped and fell on an uneven portion of the sidewalk on June 28, 2020 (hereinafter, the "Claim"). Defendant filed and served a Verified Answer on May 18, 2021.
In support of its motion, Defendant relies upon the pleadings, deposition testimony of the Claimant, Mohammad R. Islam and Andrew Maresca, and photographs. Defendant argues that the Claimant herself was the proximate cause of the accident because she was inattentive and failed to notice the relevant uneven portion of the sidewalk. Defendant also argues that even if [*2]this Court determines the Claimant was not the sole proximate cause of the accident, the height difference between the two concreate slabs of the sidewalk was not a "dangerous condition" and therefore, trivial as a matter of law. Defendant also argues that the State's duty of care in maintaining property in a reasonably safe condition is "limited by a user's reasonable expectations under the circumstances."
In opposition to the motion, Claimant's counsel submits the affidavit of Leo J. DeBobes, (MA, CSP, CHCM, CPEA, CPH, CHEP, CHSP, CPSO, CSC, CIT, hereinafter "DeBobes"), and his Curriculum Vitae, as well as the documents and photographs he reviewed in preparation of his Affidavit. In his affidavit, Debobes states that it is his professional opinion, based upon the information that he was provided, that several factors contributed to the incident and to the extent of Claimant's injuries. It is his opinion that Claimant was not the sole proximate cause of the incident, but, rather, that the State's negligence was the "most direct and proximate cause" of Claimant's injury. DeBobes opines in his affidavit that the State was "negligent in failing to ensure that the paved concrete sidewalk was kept free from obstructions, untreated changes in levels, or other conditions that might cause tripping or slipping [and that] [t]his failure directly led to the incident and to the injuries to [Claimant][FN1]
."
Claimant also argues in its affirmation that Defendant failed to prove, as a matter of law, that the sidewalk defect was trivial. Claimant points to the conclusion in DeBobes' expert affidavit that "the cross slope of the adjacent sidewalk flags was excessively steep and noncompliant, and the variations in height caused by the depressed lower section of the sidewalk caused a serious hazard." Claimant further argues that the State failed to include all evidence produced during discovery, that the evidence relied upon by the State is inadmissible, and that a 1 ½ inch height difference is not trivial.
In reply, Defendant reiterates its underlying arguments and contends that "based upon substantial case law cited in the State's initial affirmation and below, [the height differential of 1 ½ inches] is a trivial defect and this claim must be dismissed." In response to Claimant's contention that Defendant failed to include all evidence produced during discovery, Defendant's counsel argues that "a party need not submit all the evidence exchanged during discovery in support of its' motion". Defendant does, however, note that the State was previously unaware of the existence of photos with a ruler submitted by Claimant.
Relevant Law and Analysis
Summary judgment is a drastic remedy which should not be granted unless it is clear that there are no triable issues of fact (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The Court's function on a motion for summary judgment is not to resolve issues of fact, but to determine whether issues of fact exist (see Barr v County of Albany, 50 NY2d 247, 254 [1980]). The proponent of a motion for summary judgment must establish a prima facie entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once the proponent of a motion for summary judgment has set forth such a prima facie entitlement to [*3]judgment as a matter of law, the burden shifts to the opponent of the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (Id.; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
"On a motion for summary judgment the burden on the court is not to resolve issues of fact or determine matters of credibility but merely to determine whether such issues exist" (Newton v Gross, 213 AD2d 1074, 1075 [4th Dept 1995] [internal quotation marks, alteration, and citation omitted]). In determining a motion for summary judgment, the Court must examine the proof in the light most favorable to the party opposing the motion (Robinson v Strong Mem. Hosp., 98 AD2d 976, 976 [4th Dept 1983]). A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions (CPLR 3212 [b]). Failure to make a prima facie showing requires denial of summary judgment, regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
"In order to prevail on a negligence claim, a [claimant] must demonstrate (1) a duty owed by the defendant to the [claimant], (2) a breach thereof, and (3) injury proximately resulting therefrom" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016] [internal quotation marks and citation omitted], rearg denied 28 NY3d 956 [2016]). On a motion for summary judgment, defendant is "required in the first instance to establish that there was no negligence on its part, i.e., that there was no breach of the duty of [care] and further, in the event that there was such a breach, that the breach was not a proximate cause of the injuries" (Walley v Bivins, 81 AD3d 1286, 1287 [4th Dept 2011]).
In deciding a motion for summary judgment, the Court's role is solely to determine whether any triable issues exist, not to determine the merits of any such issues (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). "Because summary judgment is a drastic measure that deprives a party of its day in court, it may be granted only if no genuine triable issue of fact is presented" (F. Garofalo Electric Co., Inc v New York Univ., 300AD2d 186, 188 [1st Dept 2002]).
A property owner has a duty to maintain its property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Miller v State of New York, 62 NY2d 506, 513 [1984]). The State had a duty to use reasonable care in maintaining its property in a reasonably safe condition to prevent the occurrence of foreseeable injuries (Basso v Miller, 40 NY2d 233, 241 [1976]). Here, there is no dispute the State is the owner of and the party responsible for maintaining the sidewalk at 450 NY-25A, Setauket, New York 11733. The issues, then, to be determined is whether the height differential between the slabs in question was "trivial" or not, and whether Claimant was the sole and proximate cause of her injury. Defendant has not "provided sufficient evidence to eliminate any material issues of fact" as it claims to have in support of its motion for summary judgment (Winegrad v New York Univ. Med. Ctr. 64 NY2d 851, 852 [1985]). As questions of fact remain, requiring further analysis of the remaining arguments, the Court finds that Defendant has not established its entitlement to summary judgment as a matter of law.
Accordingly, and based upon the foregoing, and having considered the statutory factors listed in CPLR 3212, it is hereby
ORDERED that Defendant's motion (M-99722) for summary judgment dismissing the [*4]claim is DENIED.
Dated: February 24, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER
Judge of the Court of Claims
Papers Read on this Motion:
1. Notice of Motion, Affirmation in Support, Exhibits Annexed
2. Affirmation in Opposition, Expert Affidavit, Exhibits Annexed
3. Reply Affirmation, Exhibit Annexed

Footnotes

Footnote 1:
 The Court notes that Defendant did not submit an expert affidavit to contradict any of the conclusions made by DeBobes.