Porschia C. v Sodus Cent. Sch. Dist. (2024 NY Slip Op 04885)

Porschia C. v Sodus Cent. Sch. Dist.

2024 NY Slip Op 04885

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

670 CA 24-00054

[*1]PORSCHIA C., AN INFANT, BY HER MOTHER AND NATURAL GUARDIAN MELISSA A.C., MELISSA A.C., INDIVIDUALLY, PLAINTIFFS, BAILEE P., AN INFANT, BY HER MOTHER AND NATURAL GUARDIAN CASSIE L.F., AND CASSIE L.F., INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v
SODUS CENTRAL SCHOOL DISTRICT, SODUS ELEMENTARY SCHOOL, SODUS CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION AND SODUS CENTRAL SCHOOL DISTRICT DEPARTMENT OF TRANSPORTATION, DEFENDANTS-RESPONDENTS. 

BELLUCK & FOX, LLP, NEW YORK CITY (MICHAEL A. MACRIDES OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
HANCOCK ESTABROOK, LLP, SYRACUSE (GIANCARLO FACCIPONTE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Wayne County (Richard M. Healy, A.J.), entered July 5, 2023. The order, insofar as appealed from, granted the motion of defendants for summary judgment and dismissed the complaint of plaintiffs-appellants. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the complaint of plaintiffs Bailee P., an infant, by her mother and natural guardian Cassie L.F., and Cassie L.F., individually, is reinstated.
Memorandum: The infant plaintiffs and their mothers commenced these negligence actions, seeking damages based on allegations that the infant plaintiffs were subjected to sexual misconduct while being transported to and from defendant Sodus Elementary School (school) on a bus operated by defendants. The underlying sexual misconduct allegedly occurred on multiple occasions from the time the infant plaintiffs were in kindergarten through the second grade. The alleged sexual misconduct was perpetrated by a male student who rode the bus with the infant plaintiffs, and included, inter alia, exposing himself to them, touching the genitals of one of the infant plaintiffs, asking one of the infant plaintiffs to touch his genitals, and "attempt[ing] to have sex with [one of the infant plaintiffs] or rub[bing] his body against [hers]." The perpetrator threatened to hurt the infant plaintiffs if they refused to participate in the aforementioned sexual acts.
In their complaints, plaintiffs asserted causes of action for, inter alia, negligent supervision, alleging that defendants, despite having actual or constructive notice of the perpetrator's misconduct, failed to protect the infant plaintiffs from sexual misconduct on the school bus. Following discovery, defendants moved for summary judgment dismissing the complaints, contending, inter alia, that they lacked notice of the perpetrator's propensity for sexual misconduct and, thus, they could not have foreseen the sexual misconduct against the infant plaintiffs. Supreme Court granted the motion, the infant plaintiff Bailee P. and her mother, plaintiff Cassie L.F., appeal, and we now reverse the order insofar as appealed from.
We note as an initial matter that the record does not contain a notice of appeal from the order with respect to the infant plaintiff Porschia C. and her mother, plaintiff Melissa A.C., and, therefore, the appeal of those plaintiffs was deemed dismissed for failure to perfect within six months of the date of the notice of appeal (see 22 NYCRR 1250.7 [b] [4]; 1250.10 [a]). Consequently, the contentions of those plaintiffs pertaining to the order are not properly before us (see Perri v Case, 208 AD3d 1046, 1047 [4th Dept 2022]; GRJH, Inc. v 3680 Props., Inc., 179 AD3d 1177, 1178 [3d Dept 2020]; Hageman v Santasiero, 277 AD2d 1049, 1049-1050 [4th Dept 2000]). Dismissals pursuant to 22 NYCRR 1250.10 (a) may be vacated on motion, if the motion is "made within one year of the date of the dismissal" (22 NYCRR 1250.10 [c]).
It is well settled that "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (Mirand, 84 NY2d at 49). "A school bus operator owes the 'very same duty to the students entrusted to its care and custody' " (Champagne v Lonero Tr. Inc., 162 AD3d 632, 633 [2d Dept 2018]; see Harker v Rochester City School Dist., 241 AD2d 937, 938 [4th Dept 1997], lv denied 90 NY2d 811 [1997], rearg denied 91 NY2d 957 [1998]).
"In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand, 84 NY2d at 49; see Hale v Holley Cent. Sch. Dist., 159 AD3d 1509, 1510 [4th Dept 2018], lv denied 31 NY3d 913 [2018]). "Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Mirand, 84 NY2d at 49). Thus, "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (id.).
Defendants, as parties moving for summary judgment, had the initial burden of establishing as a matter of law that they lacked actual or constructive notice of "the dangerous conduct which caused injury" (Mirand, 84 NY2d at 49; see Charles D.J. v City of Buffalo, 185 AD3d 1488, 1489 [4th Dept 2020]; Hale, 159 AD3d at 1510; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Here, we conclude that defendants did not meet that burden. In support of their motion, defendants submitted, inter alia, the deposition testimony of the principal of the school at the time of the alleged misconduct. The principal, when asked at his deposition whether he had been aware of any prior "incidents of student sexual assaults" on the bus and whether he had ever had to deal with any student at the school who had been characterized as "sexually violent," answered both questions in the negative (emphases added). That testimony was insufficient to meet defendants' burden because it failed to address whether the principal knew of incidents within the broader category of sexual misconduct alleged by plaintiffs in their complaints. Plaintiffs alleged that the perpetrator engaged in a wide range of sexual misconduct—some of which was not equivalent to "sexual assault [ ]" and was not "sexually violent." In short, the principal's testimony failed to establish that defendants had no actual or constructive notice of any sexual misconduct of the types alleged by plaintiffs (see Charles D.J., 185 AD3d at 1489; cf. Knaszak v Hamburg Cent. Sch. Dist., 196 AD3d 1141, 1143 [4th Dept 2021]; Kozakiewicz v Frontier Middle School, 37 AD3d 1138, 1139 [4th Dept 2007]).
Additionally, to the extent that defendants submitted deposition testimony of various other witnesses—including the infant plaintiffs and the bus driver—we conclude that it was insufficient to satisfy defendants' initial burden with respect to actual or constructive notice. In particular, although the infant plaintiffs and the bus driver testified that they did not report instances of the alleged misconduct to defendants, they were not in a position to know whether there had been prior incidents of sexual misconduct involving the perpetrator and, if so, whether defendants had actual or constructive notice of any of those incidents prior to the sexual [*2]misconduct alleged in the complaint (see Charles D.J., 185 AD3d at 1489-1490). Their testimony could not establish whether defendants obtained notice by other means (see generally Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d 1007, 1008-1009 [2d Dept 2021]).
Inasmuch as defendants failed to meet their initial burden on the motion, the burden never shifted to plaintiffs Bailee P. and Cassie L.F., and denial of the motion with respect to those plaintiffs "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad, 64 NY2d at 853).
The remaining contentions are academic in light of our determination.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court